**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 04-CV-01107-REB-CBS

ELIZABETH MEDINA, Individually as mother of and Personal Representative of the Estate of LUCAS de HERRERA, and
MARGARITO de HERRERA, Individually as father of LUCAS de HERRERA,

    Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS, ALAMOSA COUNTY, COLORADO, in both their individual capacities;
SHERIFF DAVID STRONG, in his individual capacity;
UNDERSHERIFF JOHN BIANCA, in his individual capacity;
SGT. RON GOODMAN, in his individual capacity;
FORMER DEPUTY RICK MARTINEZ, in his individual capacity;
DEPUTY LISA BENEVIDEZ, in her individual capacity;
CORPORAL GARY THOMAS, in his individual capacity,

    Defendants.

---

**ORDER DENYING DEFENDANTS' MOTION TO RECONSIDER
RULING ON DEFENDANT BOARD OF COUNTY COMMISSIONERS,
ALAMOSA COUNTY, COLORADO'S MOTION TO DISMISS**

---

**Blackburn, J.**

    The matter before me is the Motion to Reconsider Ruling on Defendant Board of County Commissioners, Alamosa County, Colorado's Motion to Dismiss [#32], filed June 29, 2005. I deny the motion.

    Initially, I note that defendant's motion contains no certificate of conference pursuant to D.C.COLO.LCivR. 7.1A, which in itself is sufficient to warrant denial of the motion. ***See McCoy v. West***, 965 F.Supp. 34, 35 (D. Colo. 1997). Moreover,

defendant's motion does little more than disagree with my prior ruling. Although such arguments may be appropriate when the court has committed clear error, *see* ***Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000), no such error occurred here. Defendant appears to be under the impression that because it has not personally delegated final decision making authority to the sheriff with respect to the operation of the county jail, it cannot be liable for his acts or omissions in that regard. However, "[a]uthority to make municipal policy *may be granted directly by legislative enactment*[.]" ***Pembauer v. Cincinnatti***, 475 U.S. 469, 483, 106 S.Ct. 1292, 1300, 89 L.Ed.2d 452 (1986) (emphasis added).[1] In this instance, the Colorado legislature has reposed final decision making authority for the county jail in the sheriff. Under such circumstances, the decisions of the sheriff with regard to the operation of the jail can be said to represent official policy of the county for which the county is potentially liable. Because the county must be sued in the name of its board of county commissioners, defendant's motion to dismiss was properly denied.

---

[1] Defendant's attempt to distinguish ***Pembauer*** on its facts is thoroughly unconvincing. Indeed, the very cases defendant cites in support of its motion for reconsideration, neither of which is factually apposite here, contain dicta supporting my decision. *See **Gonzales v. Martinez***, 2005 WL 852709 at *2 n.7 (10th Cir. April 14, 2005) ("Had Plaintiff claimed the Sheriff set official policy of the County or was following policy established by the County in the operation of the jail, we might have to reach a different conclusion."); ***Bristol v. Board of County Commissioners of the County of Clear Creek***, 312 F.3d 1213, 1221 (10th Cir. 2002) (distinguishing cases which "suggest that counties can be held liable for the misdeeds of Sheriffs and their employees when the Sheriff is held to set 'official policy' for the county").

**THEREFORE, IT IS ORDERED** that Motion to Reconsider Ruling on Defendant Board of County Commissioners, Alamosa County, Colorado's Motion to Dismiss [#32], filed June 29, 2005, is **DENIED**.

Dated July 25, 2005, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge